# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>    v.<br>NATHAN STRICKLAND, JOHNNYLEE BURK,<br><br>                      Defendants. | Case No. 3:15-cr-00088-SLG |

## ORDER RE MOTION TO SUPPRESS

Before the Court is a Motion to Suppress filed by Defendant Nathan Strickland at Docket 46; Defendant Burk filed a notice of intent to join in the motion at Docket 61. The motion seeks to suppress evidence obtained pursuant to a search warrant for a residence located at 4191 Carefree Drive, Wasilla. The motion was referred to Magistrate Judge Deborah M. Smith. The Government filed its opposition to the motion at Docket 56; Mr. Strickland filed a reply at Docket 60. Evidentiary hearings were held on the motion before the Magistrate Judge on June 21, 2016 and August 19, 2016. The Magistrate Judge issued a Final Report and Recommendation regarding the motion at Docket 124, recommending that the motion be denied. Defendant Burk filed an opposition to the report, but made no specific objections to the Magistrate Judge's recommendations.[1] Defendant Strickland filed objections to the Report and Recommendation, which focus on the fact that Mr. Strickland had not been provided a copy of the search warrant at the time

---

[1] Docket 128.

of the search.[2]  The Government filed a response to both objections and urged that the Court accept the Report and Recommendation in its entirety.

When a motion has been referred to a magistrate judge, 28 U.S.C. § 636(b)(1) provides that the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  However, the district judge must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[3]  But "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[4]  Rather, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[5]

## DISCUSSION

Mr. Strickland's objection to the Report and Recommendation centers on the lack of presentment to him of the search warrant at the time of the search.  He first argues that he was prejudiced by Agent Foreman's failure to provide him with a copy of the warrant, and maintains that "as a result of the search warrant Mr. Strickland made statements that

---

[2] Docket 129.

[3] 28 U.S.C. § 636(b)(1).

[4] *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted).

[5] *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

3:15-cr-00088-SLG, *USA v. Strickland, et al.*
Order re Motion to Suppress
Page 2 of 4

he would not have made had he been provided a copy of the warrant."[6]  However, there is no evidentiary support for this statement in the record, as Mr. Strickland did not testify at the evidentiary hearings on the motion.  Accordingly, no prejudice has been demonstrated and the Court concurs with the Magistrate Judge's finding on this issue.

Mr. Strickland next argues that there was a "deliberate disregard" of the rule requiring presentment by Agent Foreman.  He maintains that Agent Foreman "willfully disregarded [her] training by failing to provide Mr. Strickland with a copy of the warrant."[7] But on *de novo* review, the Court is not persuaded by this assertion.  Agent Foreman indicated that she began her training in October 2009 and arrived at the office in May of 2010 – over six years ago.[8]  Prior to the second hearing, Agent Foreman reviewed her training materials and, at the August hearing, testified that she had indicated that although she had received training on this topic in the past, she had forgotten about Ninth Circuit law that requires law enforcement to serve a copy of the warrant prior to commencing the search when there is no justifiable reason for delaying service.  Her testimony that search warrants have not generally been served at the outset of searches in this district was corroborated by other law enforcement officers who testified at the hearing.  In light of the foregoing, and on *de novo* review, this Court agrees with the Magistrate Judge's finding that Agent Foreman did not deliberately disregard the presentment requirement when she served the warrant.

---

[6] Docket 129 at 2.

[7] Docket 129 at 2.

[8] Docket 82 at 4.

3:15-cr-00088-SLG, *USA v. Strickland, et al.*
Order re Motion to Suppress
Page 3 of 4

Mr. Strickland also argues that the Magistrate Judge's reliance on *United States v. Williamson* is misplaced, because at the second hearing Agent Foreman testified that she now recalled having learned of the presentment requirement during her previous training.[9] But in *Williamson,* as in this case, at the time of the execution of the search warrant, the agent was unaware of the case law requiring the agent to provide a copy of the warrant at the outset of the search.[10] The Court finds *Williamson* sufficiently analogous to the facts of this case.

Finally, Mr. Strickland argues that *United States v. Hector* is also distinguishable.[11] But although Mr. Strickland has correctly observed several factual distinctions between *Hector* and this case, the Court finds that the fundamental points in *Hector*--that the causal connection between the failure to present the warrant and the seizure of the evidence was highly attenuated and the social costs of excluding the evidence were considerable --applies with equal force in this case.

For the foregoing reasons, the Final Report and Recommendation at Docket 124 is adopted and accepted in its entirety. In light of the foregoing, the Motion to Suppress at Docket 46 and Mr. Burk's joinder in that motion at Docket 61 are DENIED.

DATED this 18th day of November, 2016 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Docket 129 at 3.

[10] *United States v. Williamson*, 430 F.3d 1125, 1130 (9th Cir. 2006).

[11] Docket 129 at 3; citing *United States v. Hector*, 474 F. 3d 1150 (9th Cir. 2006).

3:15-cr-00088-SLG, *USA v. Strickland, et al.*
Order re Motion to Suppress
Page 4 of 4